IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60338
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

BRUCE G. CARVER, SR.,

                                    Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CR-70-1
--------------------
January 31, 2002
Before DeMOSS, PARKER, and DENNIS, Circuit Judges:

PER CURIAM:[*]

     Bruce Carver appeals his sentence following a jury conviction

for obtaining money by fraud under a federal program, making false

writings in a matter within the jurisdiction of the Department of

Education, and conspiracy to commit these offenses.  He argues that

the district court erred as follows: (1) in awarding him a two-

level sentence enhancement based on his supervisory role in the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

offense; (2) in awarding him a two-level sentence enhancement for abuse of a position of trust; and (3) in refusing to depart downward more than three levels from the applicable Sentencing Guidelines.

"A sentence will be upheld unless it was imposed in violation of law, was an incorrect application of the sentencing guidelines, or is outside the range of the applicable sentencing guideline." United States v. Ocana, 204 F.3d 585, 588 (5th Cir.), cert. denied, 531 U.S. 880 (2000). A district court's finding that a defendant is an organizer or leader pursuant to U.S.S.G. § 3B1.1 is a factual finding reviewed for clear error, as is a finding pursuant to U.S.S.G. § 3B1.3 that the defendant abused a position of trust. United States v. Dadi, 235 F.3d 945, 951 (5th Cir. 2000) (U.S.S.G. § 3B1.1), cert. denied, 121 S. Ct. 2230 (2001); United States v. Brown, 7 F.3d 1155, 1161 (5th Cir. 1993) (U.S.S.G. § 3B1.3). We hold that the district court did not clearly err in enhancing Carver's sentence a total of four levels based on its findings that he played a supervisory role in the offense and that, as both a police officer and inmate instructor, he abused a position of public trust when he engaged in the criminal activity at issue.

The district court's decision as to the extent of a downward departure is within its near complete discretion. See United States v. Cooper, __ F.3d__ (5th Cir. Nov. 26, 2001, No. 00-30208) 2001 WL 1504530, at *13. The extent of departure is unreviewable

unless it is otherwise in violation of federal statutory or constitutional law, neither of which Carver argues is applicable. United States v. Alvarez, 51 F.3d 36, 41 (5th Cir. 1995). We therefore hold that the district court did not abuse its near complete discretion in refusing any further downward departure.

AFFIRMED.